IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

v.

                                        CIV 13-0849 RB/KBM

PROJARIS MANAGEMENT, LLC,
VICTORY PARTNERS FINANCIAL,
JOE G. LAWLER,
BRANDT A. LAWLER, MICHAEL S. LAWLER,
RYAN G. LAWLER, TIMOTHY J. LAWLER, and
PAMELA M. HASS,

       Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** came before the Court for a hearing on June 20, 2014, on the Court's Order to Show Cause (*Doc. 51*), in which the Court ordered Defendant Joe Lawler to appear in person to show cause why he should not be found in civil contempt or have sanctions imposed against him. The Honorable Robert C. Brack referred Plaintiff's Motion for an Order to Show Cause Why Joe G. Lawler Should Not Be Held in Contempt (*Doc. 47*) to me pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). *Doc. 48.* In Plaintiff's motion, it requested that the Court employ civil contempt proceedings as a device to achieve compliance with the Court's prior order compelling supplemental discovery responses from Defendant Joe Lawler. *Doc. 47* at 2. For the reasons that follow, I recommend that if Defendant Joe Lawler does not comply with the Court's prior order compelling discovery responses (*Doc. 44*) by July 12, 2014, Judge

1

Brack should hold a second show cause hearing and, if adequate justification for the discovery failures is not provided, impose civil contempt sanctions or, alternatively, sanctions pursuant to Federal Rule of Civil Procedure 37.

Although magistrate judges have authority to impose sanctions for violations of discovery orders pursuant to Rule 37, here, Plaintiff proposes specific civil contempt sanctions which appear to exceed the authority of a magistrate judge absent the consent of the parties.  *See Doc. 54.*  A magistrate judge may exercise civil or criminal contempt authority only in certain circumstances, including summary criminal contempt for "misbehavior in the magistrate judge's presence so as to obstruct the administration of justice, and criminal and civil contempt in misdemeanor cases and civil consent cases." *See* 28 U.S.C. § 636(e)(2), (3), (4).  In other circumstances, the Federal Magistrate's Act provides for a procedure whereby the magistrate judge certifies facts pertaining to contempt to a district judge.  *See* 28 U.S.C. § 636(e)(6); *see also Hunter TBA, Inc. v. Triple V Sales,* 250 F.R.D. 116, 117-18 (E.D.N.Y. 2008).  Pursuant to the certification process, the magistrate judge may issue an order requiring the subject person to appear before a district judge to show cause why he or she should not be held in contempt by reason of the facts certified.  *See* 28 U.S.C. § 636(e)(6).  The district judge shall then hear the evidence and, if warranted, "punish the person in the same manner and to the same extent as for a contempt committed before a district judge."  *Id.*

Plaintiff proposes contempt sanctions relative to each outstanding discovery request, which are enumerated in its Proposed Contempt Sanctions (*Doc. 54*), filed June 17, 2014.  With respect to most discovery requests, Plaintiff asks the Court to preclude

Defendant Lawler from testifying to, offering evidence of, or arguing information that should have been provided to Plaintiff but was not.  *Doc. 54* at 2.  In four instances – the signature and affirmation of interrogatory answers, the production of correspondence with investors, the production of tax returns or confirmation of their nonexistence, and the contact information for Lyla Lawler – Plaintiff seeks incarceration until Defendant Joe Lawler has complied.  *Id.*  At the June 20, 2014 Show Cause Hearing, Plaintiff's counsel explained that these four categories of discovery requests for which it seeks incarceration require very little effort on the part of Defendant Joe Lawler.

Given Plaintiff's request that civil contempt sanctions be imposed, and particularly its request that Defendant Joe Lawler be incarcerated for noncompliance with discovery orders, I will proceed under the procedure outlined in § 636(e)(6) and certify the following facts for purposes of Judge's Brack's determination of the appropriate sanctions to be imposed against Defendant Joe Lawler:

On January 10, 2014, Plaintiff served its first set of written discovery on Defendant Joe Lawler.  *Doc. 40*, Ex. 1.  The Court held its Rule 16 Initial Scheduling Conference on January 21, 2014, at which time the Court ordered Defendants to serve their discovery responses by February 21, 2014.  *Doc. 28*.  Defendant Joe Lawler responded to Plaintiff's written discovery before the deadline, on February 14, 2014.  *Doc. 40*, Ex. 2.  On February 18, 2014, Plaintiff wrote a letter to Defendant Joe Lawler explaining what it considered to be deficiencies in his discovery responses and initial disclosures.  *Doc. 40*, Ex. 4.  At a status conference on March 11, 2014, the Court ordered Defendant Joe Lawler to provide supplemental discovery responses by April 1, 2014.  *Doc. 37*.  Next,

3

at a follow-up status conference on April 4, 2014, the Court granted Defendant Joe Lawler another extension, until April 14, 2014, to provide his supplemental discovery responses to Plaintiff based upon his representation that he was attempting to retain counsel. *Doc. 39*. Having received no supplemental discovery responses, Plaintiff filed its Motion to Compel Discovery and Disclosures from Defendant Joe G. Lawler on April 17, 2014. *Doc. 40*. At the Court's April 28, 2014 status conference, Defendant Joe Lawler indicated that he had received Plaintiff's Motion to Compel and was "getting [his] response together" at that time. Next, on May 14, 2014, Plaintiff filed its Motion for Order to Show Cause Why Joe G. Lawler Should Not Be Held In Contempt (*Doc. 47*).

Throughout various telephonic status conferences held by the Court on January 21, 2014, March 11, 2014, April 4, 2014, and April 28, 2014,[1] the Court reminded Defendant Joe Lawler and his co-defendants that they had certain discovery obligations and recommended, numerous times, that they obtain legal counsel and, if not, that they familiarize themselves with the applicable rules. The Court also instructed the Clerk to mail Defendants the "Guide for Pro Se Litigants," which Mr. Lawler acknowledged receiving. Nevertheless, to date, Defendant Joe Lawler has not provided any supplemental discovery responses to Plaintiff despite this Court's May 8, 2014 Order Compelling Discovery and its June 6, 2014 Order to Show Cause.

Defendant Joe Lawler's correspondence with the Court since the April 28, 2014 telephonic status conference has been limited to a series of facsimiles. First, on May 21,

---

[1] The Court played into the record at the June 20, 2014 Show Cause Hearing an audio recording of each of these status conferences.

4

2014, a document was faxed from a Homewood Suites to the Court without a proper case caption or identification of the sender.  *See Doc. 49.*  The document, which consisted of a cover page, a page of text, and portions of Plaintiff's Motion to Compel and Plaintiff's letter to Defendant Joe Lawler addressing discovery responses, was docketed by the Court as a "Letter to the Court."  *See id.*  Although the faxed document included portions of Plaintiff's previously-filed and granted Motion to Compel, it was entirely unresponsive to the pending Motion for Order to Show Cause and therefore could not fairly be considered a response that motion.  *See id.*  Furthermore, the substance of the document appeared to have been copied in whole from the following website: kateofgaia.wordpress.com.

Thereafter, on June 13, 2014, the Court received another facsimile referencing the instant case number entitled "Motu Proprio."  *Doc. 53.*  The author of the "Motu Proprio" identified himself as "Gregory Joseph" and also "Joe Gregg Lawler"; however, the language of the document appeared to have, once again, been copied with only slight modification from kateofgaia.wordpress.com and lacked any identifiable relationship to the issues in this case.  *Doc. 53* at 2.  Finally, on June 20, 2014, the day of the Show Cause Hearing, the Court received yet another document containing language attributed to Kate of Gaia entitled "Your Contract Now."  *Docs. 55, 56.*

Although the collection of facsimiles received in this matter have been mostly incomprehensible, the Court notes that they do appear to be dismissive of this Court's authority and are, at minimum, unresponsive to any of the Court's directives.  Furthermore, Plaintiff's counsel indicated at the June 20, 2014 Show Cause Hearing that

5

she has not received any communication pertaining to the ordered supplemental discovery and has not received any additional discovery responses.

Based upon these facts the Court finds sufficient reason to recommend the imposition of sanctions against Defendant Joe Lawler either under civil contempt procedures or Rule 37.

**IT IS HEREBY RECOMMENDED** that if the ordered discovery is not produced by Defendant Joe Lawler to Plaintiff by July 12, 2014, the Honorable Robert C. Brack should require Defendant Joe Lawler to appear before him on a day certain to show cause why civil contempt sanctions, including incarceration, or, alternatively, Rule 37 sanctions should not be imposed against him by reason of the facts certified herein.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE