IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

        v.

PROJARIS MANAGEMENT, LLC, VICTORY
PARTNERS FINANCIAL, JOE G. LAWLER,
BRANDT A. LAWLER, MICHAEL S. LAWLER,
RYAN G. LAWLER, TIMOTHY J. LAWLER, and
PAMELA M. HASS

        Defendants.

Case No. 13-cv-00849-RB-KBM

## FINAL JUDGMENT AGAINST DEFENDANTS
## PROJARIS MANAGEMENT, LLC AND VICTORY PARTNERS FINANCIAL

The Court having considered the motion of Plaintiff, Securities and Exchange Commission, for default judgment against Defendants Projaris Management, LLC and Victory Partners Financial pursuant to Fed. R. Civ. P. 55, and having considered the well-pleaded allegations of the complaint as admitted for the purposes of entry of this default judgment, makes the following findings:

    1. This action was commenced on September 9, 2013, by the filing of a complaint;

    2. Projaris and Victory each waived service of the summons and complaint;

    3. Neither Projaris nor Victory ever answered the complaint and default was entered against each of them on December 6, 2013;

    4. This Court has jurisdiction over Projaris and Victory;

    5. This Court has jurisdiction over this this action pursuant to Sections 22(a) of

the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v(a)] and Section 27(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78aa(a)];

6. Defendant Projaris Management, LLC has committed the violations alleged in the Commission's complaint;

7. Defendant Victory Partners Financial has committed the violations alleged in the Commission's complaint;

8. Based on Projaris' level of scienter, egregiousness of violations, and failure to offer assurances against future violations, there is a reasonable likelihood that, unless enjoined, defendant Projaris may engage in future violations of the securities laws;

9. Based on Victory's level of scienter, egregiousness of violations, and failure to offer assurances against future violations, there is a reasonable likelihood that, unless enjoined, defendant Victory may engage in future violations of the securities laws;

ACCORDINGLY:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Projaris Management, LLC, Victory Partners Financial, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate

commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; and

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Projaris Management, LLC, Victory Partners Financial, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the

statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Projaris Management, LLC, Victory Partners Financial, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: May 17, 2016

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE