IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

          v.

PROJARIS MANAGEMENT, LLC, VICTORY
PARTNERS FINANCIAL, JOE G. LAWLER,
BRANDT A. LAWLER, MICHAEL S. LAWLER,
RYAN G. LAWLER, TIMOTHY J. LAWLER, and
PAMELA M. HASS

          Defendants.

Case No. 13-cv-00849-RB-KBM

## FINAL JUDGMENT AGAINST DEFENDANT PAMELA M. HASS

The Court having considered the motion of Plaintiff, Securities and Exchange Commission, for default judgment against Defendant Pamela M. Hass pursuant to Fed. R. Civ. P. 55, and having considered the well-pleaded allegations of the complaint as admitted for the purposes of entry of this default judgment, makes the following findings:

1. This action was commenced on September 9, 2013, by the filing of a complaint;

2. On September 19, 2013, Hass was personally served with the summons, complaint, and other documents;

3. The Return of Service for Hass was filed with the Court on September 26, 2013;

4. Hass has never answered the complaint;

5. Default was entered against Hass on December 6, 2013.

6. This Court has jurisdiction over Hass;

7. This Court has jurisdiction over this this action pursuant to Sections 22(a) of

the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v(a)] and Section 27(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78aa(a)];

8. Defendant Hass has committed the violations alleged in the Commission's complaint;

9. Based on Hass' level of scienter, egregiousness of violations, and failure to offer assurances against future violations, there is a reasonable likelihood that, unless enjoined, defendant Hass may engage in future violations of the securities laws;

10. Hass' violations involved the reckless disregard of a regulatory requirement and resulted in the risk of substantial investor losses;

11. No hearing is necessary to determine the amount of disgorgement because the amount of ill-gotten gains obtained by Hass is adequately alleged in the complaint.
ACCORDINGLY:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Pamela M. Hass and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)  Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; and

(c)  Making use of any means or instruments of transportation or

communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Pamela M. Hass and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], by using any means or instrumentality of interstate commerce, to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) while not associated with a broker or dealer registered in accordance with subsection Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Hass is liable for disgorgement of $34,917.50, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,044 for a total of $38,961.50.  Defendant shall satisfy this

obligation by paying this amount to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Hass shall pay a civil penalty in the amount of $150,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].  Defendant shall make this payment within 14 days after entry of this Final Judgment.

The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also

be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Pamela M. Hass as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  May 17, 2016

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE