IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　No. 13-cv-0849 RB/KBM

PROJARIS MANAGEMENT, LLC,
VICTORY PARTNERS FINANCIAL,
JOE G. LAWLER, BRANDT A. LAWLER,
MICHAEL S. LAWLER, RYAN G. LAWLER,
TIMOTHY J. LAWLER, and PAMELA M. HASS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Judgment Against Defendants Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, and Timothy J. Lawler[1] and Defendants Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, and Timothy J. Lawler's Motion for Hearing. (Docs. 88, 107.) Jurisdiction arises under 28 U.S.S. § 1331. Having considered the submissions of the parties, the record, and the relevant law, the Court will deny Defendants' Motion for Hearing and reserve ruling on Plaintiff's Motion for Judgment Against Defendants.

**I.**　　**Background**

On September 9, 2013, Plaintiff brought this action alleging that Defendants Joe G. Lawler, Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, Timothy J. Lawler, and Pamela

---

[1] Defendant Joe G. Lawler is the father of Defendants Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, and Timothy J. Lawler.

Hass ("Individual Defendants") fraudulently sold securities in unregistered transactions in a scheme that defrauded investors. (Doc. 1.) According to the complaint, the Individual Defendants, through Projaris Management, LLC, and Victory Partners Financial, pooled investor funds in a Trust that purportedly invested in metals, commodities, and real estate. (*Id.*) At least 23 individuals in four states invested approximately $1,400,000.00 in the Trust. (*Id.*) The Individual Defendants misappropriated approximately $835,000.00 of the funds for their own use and to make Ponzi-like payments. (*Id.*) More specifically as to Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, Timothy J. Lawler, the complaint alleged that each of them directly or indirectly engaged in violations of 15 U.S.C. §§ 77q(a), 78j(b), and 17 C.F.R. § 240.10b-5, or aided and abetted violations of those provisions. (Doc. 1 at ¶¶ 8–9.)

Joe Lawler, Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, Timothy J. Lawler filed Answers to the Complaint denying liability and requesting that Plaintiff accept a settlement in lieu of litigation. (Docs. 12, 13, 14, and 20.) The Clerk entered default against Pamela Hass, Projaris Management, LLC, and Victory Partners Financial after they failed to respond to the Complaint. (Docs. 21, 22, and 23.)

On August 12, 2014, Joe Lawler was charged with twelve counts of wire fraud, in violation of 18 U.S.C. § 1343. *See United States v. Joseph Lawler*, No. 14cr2781 JP (D.N.M. Aug. 12, 2014). The instant matter was stayed pending resolution of the criminal case. (Doc. 76.) On June 26, 2015, Joe Lawler pleaded guilty to the indictment. (Doc. 59.) On November 9, 2015, Joe Lawler was sentenced to three years of incarceration and ordered to pay restitution in the amount of $476,511.37. (Doc. 82.) The Court lifted the stay in this matter 14 days after the sentencing hearing. (Doc. 80.)

On January 5, 2016, United States Magistrate Judge Karen B. Molzen held a settlement conference and the parties reached a settlement as to Joe Lawler and partial settlements as to Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, and Timothy J. Lawler. (Doc. 86.)

As a result of the settlement, Joe Lawler agreed to (1) the entry of an injunction permanently restraining and enjoining him from violating 15 U.S.C. §§ 77q(a), 78j(b), and 17 C.F.R. § 240.10b-5; (2) disgorgement in the amount of $835,000.00 plus prejudgment interest of $85,146.00; and (3) a civil penalty in the amount of $150,000.00, pursuant to 15 U.S.C. §§ 77t(d), 78u(d)(3). (Doc. 87-1.)

As a result of the partial settlements, Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, Timothy J. Lawler consented to the entry of an injunction permanently restraining and enjoining each of them from violating of 15 U.S.C. §§ 77q(a), 78j(b), and 17 C.F.R. § 240.10b-5. (Docs. 88-1, 88-3, 88-5, 88-7.) Additionally, Brandt A. Lawler and Ryan G. Lawler agreed to disgorgement in the amounts of $6,760.00 and $3,050.00 respectively, prejudgment interest in the amounts of $633.97 and $163.51, respectively, and civil penalties in amounts to be determined by the Court. (Docs. 88-1, 88-3.) Timothy J. Lawler and Michael S. Lawler agreed that the Court would order disgorgement of their ill-gotten gains, prejudgment interest, and civil penalties in amounts to be determined by the Court. (Docs. 88-5, 88-7.)

On May 16 and 17, 2016, Plaintiff filed an unopposed motion for judgment as to Joe Lawler and motions for default judgments as to Pamela Hass, Projaris Management LLC, and Victory Partners Financial. (Docs. 87, 89, 90.) On May 18, 2016, the Court entered judgment against Joe Lawler based on his settlement agreement and consent as well as default judgments against Pamela Hass, Projaris Management LLC, and Victory Partners Financial. (Docs. 91, 92, 93.)

On May 16, 2016, Plaintiff filed a Motion for Judgment as to Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, Timothy J. Lawler based on the consents executed by each of them. (Doc. 88.) In the Motion for Judgment, Plaintiff seeks (1) entry of injunctions permanently restraining and enjoining these four Defendants from violating 15 U.S.C. §§ 77q(a), 78j(b), and 17 C.F.R. § 240.10b-5; (2) disgorgement of $6,760.00 plus prejudgment interest of $633.97 as to Brandt A. Lawler, disgorgement of $3,050.00 plus prejudgment interest of $163.51 as to Ryan G. Lawler, disgorgement of $25,000.00 plus prejudgment interest of $1,275.00 as to Timothy J. Lawler, disgorgement $1,475.00 plus prejudgment interest of $154.54 as to Michael S. Lawler; and (3) a civil penalties in the amount of $50,000.00 as to each of these four Defendant under 15 U.S.C. §§ 77t(d), 78u(d)(3). (Doc. 88.)

On June 23, 2016, Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, Timothy J. Lawler filed responses in opposition to the Motion for Judgment. (Docs. 102, 103, 104, 105.) In their responses, Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, Timothy J. Lawler contend that they were "small and insignificant" parts of the fraudulent scheme, and should be assessed no civil penalty. (*Id.*) Additionally, Timothy J. Lawler contends that he transferred all the funds he withdrew to Joe G. Lawler, he did not gain anything, and Joe G. Lawler used him. (Doc. 105.) In its reply brief, Plaintiff observed that none of the four Defendants disputed any facts or requested a hearing. (Doc. 106.)

After Plaintiff filed its reply brief, Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, Timothy J. Lawler filed a motion for a hearing. (Doc. 107.)  Therein, the four Defendants asserted that they believed a hearing would occur, that a hearing is necessary to determine the civil penalty for each of the remaining four Defendants and the amount of disgorgement for Timothy J. Lawler, and that a hearing "would potentially enlighten the court with a clearer

totality of the circumstances which would, in turn, render a more confident ruling in favor of justice." (*Id*.) Plaintiff filed a response brief stating that it takes no position as to whether the Court should hold a hearing, and maintaining that a hearing is unnecessary. (Doc. 108.) Plaintiff argues that if a hearing is held it should be limited to the only relevant contention in Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, Timothy J. Lawler's response briefs, i.e., that these four Defendants were "small and insignificant" parts of the fraudulent scheme. (*Id*.) On July 25, 2016, Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, Timothy J. Lawler's filed a reply brief proposing that the Court set a hearing and allow them 14 days before the hearing to submit evidence, including financial documents and potentially an affidavit on Timothy J. Lawler's disgorgement amount. (Doc. 110.) In the alternative, Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, Timothy J. Lawler request leave to file surreplies. (*Id.*)

On July 26, 2016, Joe Lawler filed a letter stating that Timothy J. Lawler withdrew the $25,000.00 of investor funds to purchase precious metals for the benefit of investors, the funds were immediately transferred to Joe Lawler, and Timothy J. Lawler did not receive or retain the funds. (Doc. 112.) On August 3, 2016, Plaintiff filed a response to the letter pointing out that the letter is contrary to Joe Lawler's previous statements, is unsupported by any evidence, makes no sense, and should be stricken or ignored. (Doc. 113.)

**II.     Standard**

Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, Timothy J. Lawler's consented to issuance of injunctions without admitting or denying the allegations of the complaint. (Docs. 88-1, 88-3, 88-5, 88-7.) Brant A. Lawler and Ryan G. Lawler agreed that the amount of each of their civil penalties would be determined by the Court upon motion of Plaintiff. (Docs. 88-1, 88-3.) Timothy J. Lawler and Michael S. Lawler agreed that the amount of each of their disgorgement

and their civil penalties would be determined by the Court upon motion of Plaintiff. (Docs. 88-1, 88-3, 88-5, 88-7.) These four Defendants further agreed that in connection with Plaintiff's motion and at any hearing held on such a motion: (a) they would be precluded from arguing that they did not violate the federal securities laws as alleged in the complaint; (b) they may not challenge the validity of the consent or the final judgment; (c) solely for the purposes of such motion, the allegations of the complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. (*Id.*)

### III. Discussion

#### A. Pro Se Litigants

Defendants[2] are pro se. The Court, therefore, reviews their "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, pro se status does not excuse Defendants from compliance with the rules of civil procedure. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). Additionally, "conclusory allegations without supporting factual averments are insufficient." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court may not assume that Defendants can prove facts that have not been established. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). The Court may not act as an advocate for a pro se litigant. *See Hall,* 935 F.2d at 1110. Notably, "because pro se means

---

[2] Unless the Court otherwise identifies a Defendant by name, all references to "Defendants" in the Discussion Section refer to Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, Timothy J. Lawler.

to appear for one's self, a person may not appear on another person's behalf . . . rather, a person must be litigating an interest personal to him." *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011).

### B. Disgorgement

Where a party violates the federal securities laws, this Court has broad discretion not only to order the disgorgement of any ill-gotten gains, but also to determine the amount to be disgorged. *See SEC v. Fischbach Corp.*, 133 F.3d 170, 175 (2d Cir. 1997); *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1474 (2d Cir. 1996); *SEC v. Intelliquis Int'l, Inc.*, No. 2:02-CV-674-PGC, 2003 WL 23356426, at *16 (D. Utah Dec. 11, 2003) ("The decision whether to award disgorgement, as well as the amount, is in the broad discretion of the court."). Disgorgement serves the public interest because it "deprived a wrongdoer of his unjust enrichment" and "deters others from violating the securities laws." *SEC v. First City Fin. Corp.*, 890 F.2d 1215, 1230 (D.C. Cir. 1989); *see also SEC v. Texas Gulf Sulphur Co.*, 446 F.2d 1301, 1308 (2d Cir. 1971) ("It would severely defeat the purposes of the Act if a violator of Rule 10b-5 were allowed to retain the profits from his violation.").

The amount of disgorgement should include all gains flowing from illegal activities, plus prejudgment interest, and "need only be a reasonable approximation of profits causally connected to the violation." *SEC v. First Jersey Sec., Inc.*, 101 F.3d at 1475 (citation omitted); *see also SEC v. Maxxon, Inc.*, 465 F.3d 1174, 1179 (10th Cir. 2006). If Plaintiff meets its burden of reasonable approximation, the burden shifts to Defendants to demonstrate that their gains were unrelated to their fraudulent conduct. *SEC v. Razmilovic*, 738 F. 3d 14, 31–32 (2d Cir. 2013); *First City Fin.*, 890 F.2d at 1232; *SEC v. Randy*, 38 F. Supp. 2d 657, 674 (N.D. Ill. 1999). "Any risk of uncertainty in calculating disgorgement should fall upon the wrongdoer whose illegal

7

conduct created that uncertainty." *SEC v. Contorinis*, 743 F. 3d 296, 304–305 (2d Cir. 2014) (citing *First Jersey*, 101 F.3d at 1475); *see also First City Fin.*, 890 F.2d at 1232.

Timothy J. Lawler and Michael S. Lawler agreed to disgorgement of ill-gotten gains. (Docs. 88-5, 88-7.) Resolution of this issue turns on whether Timothy J. Lawler and Michael S. Lawler[3] used the money obtained from investors for legitimate purposes. In other words, to the extent that they used the money from investors for non-investment purposes, such as for business or personal expenses, the money should be subject to disgorgement. Plaintiff submitted the affidavits of Michael D'Angelo indicating that Timothy J. Lawler retained $25,000.00 of investor funds and Michael S. Lawler retained $1,475.00 of investor funds. (Doc. 88-6, 88-8.) Plaintiff has met its burden of reasonable approximation. Thus, the burden shifted to Defendants to demonstrate that their gains were unrelated to their fraudulent conduct. The Court will determine these issues after Defendants have the opportunity to file surreplies and additional evidence as discussed *infra* in Section III. E.

### C. Prejudgment Interest

The Court has discretion to determine whether to award prejudgment interest. *First Jersey Sec., Inc.*, 101 F.3d at 1476. Requiring a defendant to pay interest prevents the defendant from obtaining the benefit of "what amounts to an interest free loan procured as a result of illegal activity." *SEC v. Moran*, 944 F. Supp. 286, 295 (S.D.N.Y. 1996). Timothy J. Lawler and Michael S. Lawler agreed to prejudgment interest on the disgorgement in amounts to be determined by the Court. (Docs. 88-3, 88-5.) The Court will determine these amounts after Defendants have the opportunity to file surreplies and additional evidence as discussed *infra* in Section III. E.

---

[3] Michael S. Lawler does not contest Plaintiff's requested disgorgement amount of $1,475.00 or prejudgment interest of $154.54. (Doc. 103.)

**D.      Civil Penalties**

Plaintiff may seek civil penalties for each violation of the federal securities laws. *See* 15 U.S.C. §§ 77t(d), 78u(d)(3). "Disgorgement alone is an insufficient remedy" because "there is little deterrent in a rule that allows a violator to keep the profits if [he] is not detected, and requires only a return of ill-gotten gains if [he] is caught." *SEC v. Inorganic Recycling Corp.*, No. 99 Civ. 10159 (GEL), 2002 WL 1968341, at *4 (S.D.N.Y. Aug. 23, 2002). The amount of the "civil penalty is to be determined by the Court 'in light of the facts and circumstances' of the particular case." *SEC v. Kenton Capital, Ltd.*, 69 F. Supp. 2d 1, 17 (D.D.C. 1998) (quoting 15 U.S.C. § 78u(d)(3)).

In determining the amount of civil penalties, courts have considered various factors including: (1) the egregiousness of the violations at issue; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to investors; (4) whether the violations were isolated or recurrent; and (5) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition. *SEC v. Tavella*, 77 F. Supp.3d 353, 362–363 (S.D.N.Y. 2015).

Civil penalties are calculated using a three-tier penalty structure. *See* 15 U.S.C. §§ 77t(d)(2), 78u(d)(3)(B). Third-tier penalties are appropriate where the violations (1) involve "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement," and (2) "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." *See* 15 U.S.C. §§ 77t(d)(2)(c), 78u(d)(3)(b)(iii). The maximum third-tier penalty in this case is $150,000.00 per violation. 15 U.S.C. §§ 77t(d)(2)(C), 78u(d)(3)(B)(iii); 17 C.F. R. §§ 201.1004 (amending the statutory amounts).

Plaintiff argues that Defendants qualify for third-tier penalties in the amount of $50,000.00 each. The Court is inclined to impose civil penalties to provide a sufficient deterrent to Defendants and others in situations similar to this. However, the Court will determine the amounts of the penalties after Defendants have the opportunity to file surreplies and additional evidence as discussed *infra* in Section III.E.

### E.    Defendants may file surreplies and additional evidence

Defendants request a hearing to determine the civil penalty for each of them and to determine the amount of disgorgement for Timothy J. Lawler.[4] Defendants admitted the allegations of the Complaint for purposes of the Court's determination of the civil penalties and they consented to disgorgement. Defendants are effectively "barred by the terms of their agreements from challenging or otherwise contesting the truth of the allegations of the complaint in this disgorgement proceeding." *SEC v. Silverman*, 328 Fed. App'x. 601, 604 (11th Cir. 2009). For this reason, the Court finds that a hearing would not significantly aid its determination of Plaintiff's Motion for Judgment Against Defendants. However, in light of their pro se status, the Court will allow Defendants 14 days to file surreplies and evidence in support of their positions.

**THEREFORE,**

**IT IS ORDERED** that Defendant Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, and Timothy J. Lawler's Motion for Hearing (Doc. 107) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will reserve ruling on Plaintiff's Motion for Judgment Against Defendants Brant A. Lawler, Michael S. Lawler, Ryan G. Lawler, and Timothy J. Lawler (Doc. 88) for 14 days.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE

---

[4] Defendants do not contest the disgorgement or prejudgment interest amounts for Michael S. Lawler.