IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Case No. 13-cv-00849-RB-KBM |
| PROJARIS MANAGEMENT, LLC, VICTORY PARTNERS FINANCIAL, JOE G. LAWLER, BRANDT A. LAWLER, MICHAEL S. LAWLER, RYAN G. LAWLER, TIMOTHY J. LAWLER, and PAMELA M. HASS, | |
| Defendants. | |

**FINAL JUDGMENT AS TO DEFENDANTS BRANDT A. LAWLER,
MICHAEL S. LAWLER, RYAN G. LAWLER, AND TIMOTHY J. LAWLER**

The Securities and Exchange Commission having filed a Complaint and Defendants Brandt A. Lawler, Michael S. Lawler, Ryan G. Lawler, and Timothy J. Lawler having entered general appearances; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Brandt A. Lawler, Michael S. Lawler, Ryan G. Lawler, and Timothy J. Lawler, each, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of

1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Brandt A. Lawler, Michael S. Lawler, Ryan G. Lawler, and Timothy J. Lawler, each, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(1) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Brandt Lawler shall pay disgorgement of $6,760, prejudgment interest thereon in the amount of

$633.97, and a civil penalty of $0, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Ryan Lawler shall pay disgorgement of $3,050, prejudgment interest thereon in the amount of $163.51, and a civil penalty of $0, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Timothy Lawler shall pay disgorgement of $25,000.00 jointly and severally with Joe Lawler, prejudgment interest thereon in the amount of $1,275.00 jointly and severally with Joe Lawler, and a civil penalty of $0 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Michael Lawler shall pay disgorgement of $1,475.00, prejudgment interest thereon in the amount of $154.54, and a civil penalty of $0 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

VII.

Defendants Brandt A. Lawler, Michael S. Lawler, Ryan G. Lawler, and Timothy J. Lawler shall pay disgorgement and prejudgment interest to the Securities and Exchange Commission within 30 days after entry of this Final Judgment. The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the

Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VIII.

Defendant Brandt A. Lawler, Michael S. Lawler, Ryan G. Lawler, and Timothy J. Lawler shall pay any civil penalty within 14 days after entry of this Final Judgment. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

IX.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov /about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the defendant; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, each Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to any Defendant.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by any Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents of Brandt A. Lawler, Michael S. Lawler, Ryan G. Lawler, and Timothy J. Lawler are incorporated herein with the same force and effect as if fully set forth herein, and that they shall comply with all of the undertakings and agreements set forth therein.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Order.

Dated: September 22, 2016

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**